# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO LOPEZ-ROCHA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No.: 18cv0021 MMA (AGS) <br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br> [Doc. No. 2] <br><br> **SUMMARILY DISMISSING PETITION** <br><br> [Doc. No. 1] |

On December 5, 2017, Petitioner Isidro Lopez-Rocha was charged in a single-count Information with possession of methamphetamine with intent to distribute, in violation of Title 21, United States Code, section 841(a)(1). *See* Case No. 17cr4104-BTM, Doc. No. 12. The case remains pending. Petitioner, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("petition") pursuant to Title 28, United States Code, section 2241, regarding matters arising out of the ongoing criminal proceeding. *See* Doc. No. 1. Petitioner requests to proceed in forma pauperis ("IFP"), claiming that he is unable to afford the requisite filing fee. *See* Doc. No. 2. For the reasons set forth below,

the Court **GRANTS** Petitioner's application to proceed IFP and summarily **DISMISSES** the petition.

## DISCUSSION

As an initial matter, the Court notes that Petitioner's request to proceed IFP fails to comply with the statutory requirements for seeking IFP status. Pursuant to the applicable statute, if a petitioner fails to pay the $ 5.00 filing fee, then the petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." *See* Rule 3(a), 28 U.S.C. foll. § 2254.[1] Petitioner has not provided either the affidavit or the certificate. Nevertheless, in the interest of judicial efficiency, the Court **GRANTS** Petitioner's request to proceed IFP based on his sworn statement that he cannot pay the filing fee required to initiate this action.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4, 28 U.S.C. foll. § 2254; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Challenges to the "manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

A review of the petition reveals that Petitioner complains of events arising out of his ongoing criminal proceeding. Specifically, Petitioner asserts that someone other than his assigned defense counsel met with him at the detention facility and coerced him into

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

agreeing to plead guilty and accept a sentencing range of 50 to 70 months. The petition is subject to dismissal on several grounds.

First, relief under Section 2241 is available only if a federal inmate can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has not done so. Second, the Supreme Court has interpreted the "in custody" requirement to mean that the petitioner is in custody pursuant to the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner has not yet been convicted or sentenced in his criminal proceeding. Furthermore, Petitioner has not yet entered a change of plea, and thus any tentative agreement he may have been "coerced" into by some unknown individual is not binding upon the parties. Any other challenges to the current criminal charges against him may be brought by Petitioner via a separate motion filed in his criminal case.

## Conclusion

It plainly appears from the face of the petition that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing § 2254 Cases. Accordingly, the Court **DISMISSES** the petition for writ of habeas corpus without prejudice and without leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus may be dismissed without leave to amend if "it appears that no tenable claim for relief can be pleaded were such leave granted."). The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: January 4, 2018

HON. MICHAEL M. ANELLO
United States District Judge